Common Pleas Court of Cuyahoga County.

JOSEPH PEARLMAN, A MINOR, BY PETER PEARLMAN, HIS FATHER AND NEXT FRIEND, v. ADELINE PEARLMAN, A MINOR.

Decided March 5, 1928.

*Mr. Merle Champ, Mr. S. J. Deutsch* and *Mr. Fred Harak,* for plaintiff.

*Messrs. Clarke & Costello,* for defendant.

WALTHER, J.

The plaintiff has filed a petition for annullment of his marriage to the defendant, and in his petition he avers that on the 5th day of November, 1927, he and the defendant entered into a marriage contract; that he is now a minor of the age of twenty years and that the defendant is also a minor of the age of nineteen years. He also avers that neither of his parents has ever consented to the marriage between the parties hereto and that such marriage was performed without the knowledge or consent of said parents.

To this petition the defendant, through her guardian *ad litem* has filed a demurrer.

Section 11309 of the General Code of Ohio provides as follows:

"Defendant may demurr to the petition only when it appears on its face that * * * (10) the petition does not state facts which show a cause of action."

Does the petition on its face state a cause of action?
Section 11181 of the General Code of Ohio provides:

"Male persons of the age of eighteen years, and female persons of the age of sixteen years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage. Any such person under the age of twenty-one years must first obtain the consent of his or her parents, surviving parent or guardian."

The question therefore arises whether or not the absence of consent of the parents of the plaintiff is ground for annullment of the marriage contract.

In *Holtz* v. *Dick*, 42 O. S., page 23 in paragraph 3 of the syllabus the Supreme Court of our state says:

"When the parties to a marriage in this state arrive at the common law age of consent and also arrive at a period when they are man and woman the parents have no authority to compel a separation in opposition to the wishes and interests of the husband and wife on the ground that such wife had not at the time of the marriage arrived at the age of sixteen years and that the marriage was without the parents' consent."

On page 29 the court says:

"By force of such cohabitation the marriage became— when Irena arrived at the age of sixteen—she became sixteen on May 1, 1877—as completely valid as though she had been eighteen years of age when the marriage took place. (At the time this case was decided the legal age for a female person was eighteen years.) The want of consent of her parents under such circumstances could have no effect on the validity of the marriage."

In *Kleindell* v. *Hilton*, 25 N. P. (N. S.), page 167, the court says, in the syllabus:

"The marriage in this state of a girl between twelve and sixteen years of age is not rendered void by lack of parental consent, notwithstanding the statutory requirement

that parental consent must first be obtained, and such a contract may be avoided only with the consent of the infant."

In the opinion the court says:

"Under these circumstances the marriage is voidable at her option, up to arriving at the statutory age, or afterwards if the parties have not cohabited after reaching such age."

In *Vernon* v. *Vernon*, 9 Dec. Rep., 365, the court held:

"Marriage of a girl under eighteen years of age without the consent of parents will not be declared a nullity or set aside after cohabitation after arriving at that age; this ratifies it."

There is an abundance of decisions all of which hold that where the marriage contract is entered into between a male and female who at that time are under the common law age of consent, namely, eighteen years in males and sixteen years in females, and that where they cohabit together after arriving at such respective ages of eighteen and sixteen, such cohabitation validates the marriage.

In the instant case both the male and female were over the common law age of consent, the plaintiff being twenty years of age and the defendant being nineteen years of age. In view of the fact that there is no allegation that there was a failure to consummate the marriage by cohabi -tation, the court will assume that cohabitation did take place between the parties.

While the statute requires that the consent of the parents be given to such marriage, the failure on the part of the parents to give such consent will not be permitted to be urged as a cause for annullment on the ground of public policy.

The demurrer to the petition is therefore sustained on the ground that both parties having reached the common law age of consent at the time of the marriage contract, such marriage is valid notwithstanding the failure of the parents of the parties to consent thereto.